UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  ELIAS ARMENTEROS FORCELLEDO,  Defendant. | CR 88-267-RE  OPINION AND ORDER |

REDDEN, Judge:

Before the court is Defendant Elias Armenteros Forcelledo's Motion (doc. 758) for Modification of Term of Imprisonment Under 18 U.S.C. § 3582(c)(2), and United States Sentencing Guideline ("U.S.S.G.") § 1B1.10. Defendant contends that he is eligible for a sentence reduction pursuant to Amendment 505 to U.S.S.G. § 2D1.1(c), which reduced the upper limit Base Offense Levels in the Drug Quantity Table. For the reasons that follow, the motion is

PAGE 1 - OPINION AND ORDER

DENIED.

On March 1, 1989, a grand jury returned a multi-count indictment charging Forcelledo with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1). On June 22, 1989, a jury found him guilty on both counts.

Prior to sentencing, the U.S. Probation Office prepared a presentence report ("PSR"), recommending a base offense level of 36, which was premised upon Forcelledo's conspiratorial liability for at least 100 kilograms of cocaine. The Probation Office also recommended a two-level enhancement for possession of a weapon, and an additional four-level enhancement based on Forecello's role in the conspiracy. Based on a Total Offense Level of 42, and a Criminal History Category II, the Probation Office recommended a sentencing range of 360 months to life imprisonment.

At the sentencing hearing, I concluded that Forcelledo was responsible for at least 50 kilograms of cocaine, which was a "conservative calculation" based on his admissions to law enforcement, the multiple controlled purchases of cocaine, and the quantity of cocaine and currency seized by law enforcement in this case. See October 20, 1989 Opinion and Order, at 3-5. Although I found Forcelledo responsible for less cocaine than the 100 kilograms recommended by the Probation Office, this finding did not alter his base offense level of 36. I also imposed a two-level enhancement for possession of a weapon during the course of the conspiracy, and an additional four-level enhancement based on Forecello's role as the leader of that conspiracy. After crediting him with a two-level downward adjustment for "acceptance of responsibility," I determined that Forcelledo's "Total Offense Level [wa]s 40 with a Criminal

PAGE 2 - OPINION AND ORDER

History Category of II for an appropriate guideline range of 324 to 405 months." See October 24, 1989 Fact-Finding Order, at 2. I then sentenced him to 324 months imprisonment.

On November 1, 1994, the Sentencing Commission adopted Amendment 505 to the Drug Quantity Table, U.S.S.G. § 2D1.1(c), which reduced the upper limit Base Offense Level for drug offenses from Level 42 to Level 38. U.S.S.G. Manuel, App. C., amend. 505 (1995). On November 1, 1995, the Sentencing Commission gave Amendment 505 retroactive effect. See U.S.S.G. § 1B1.10 (November 1, 1995 Amendments). Accordingly, time reductions for defendants sentenced prior to November 1, 1995, with Base Offense Levels of 40 or 42 are now authorized pursuant to 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) of Title 18 provides a mechanism by which the court may apply a retroactive amendment to the Sentencing Guidelines to reduce a defendant's sentence:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). If a Guideline amendment does not actually lower a defendant's sentencing range, however, the sentencing court lacks jurisdiction to modify the sentence. See United States v. Orantes-Arriaga, 244 Fed. Appx. 151, 152 (9th Cir. 2007) (unpublished) (remanding with instructions to dismiss § 3582 motion because defendant's sentencing range was not affected by Amendment 505); see also United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) ("Because [the Amendment] has no effect on [the defendant's]

PAGE 3 - OPINION AND ORDER

sentencing range, the district court properly denied his motion for a reduced sentence under § 3582(c)."); U.S.S.G. § 1B1.10 (a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . a [retroactive] amendment . . . does not have the effect of lowering the defendant's applicable guideline range.") (emphasis added).

This court lacks jurisdiction to modify Forcelledo's sentence because Amendment 505 does not alter his Base Offense Level, and therefore does not actually lower the applicable sentencing range. At the sentencing hearing, I found that Forcelledo was responsible for at least 50 kilograms of cocaine, which resulted in a Base Offense Level of 36 under U.S.S.G. § 2D1.1. That Base Offense Level is still applicable to offenses involving 50 to 150 kilograms of cocaine. Even with Amendment 505, Forcelledo's Base Offense Level remains at Level 36. His Total Offense Level only increased because I imposed a two-level enhancement for possession of a weapon, and an additional four-level enhancement based on his role as the leader of the conspiracy. Those enhancements were not affected by Amendment 505 (or any other amendment to the Sentencing Guidelines). With a two-level departure for acceptance of responsibility, Forcelledo's Total Offense Level remains at Level 40, even with Amendment 505. In light of his Criminal History Category of II, Forcelledo's sentencing guideline range is still 324 to 405 months. In other words, even if he were to be sentenced today under Amendment 505, Forcelledo's sentencing guideline range would be exactly the same.

Because Forcelledo was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), this court is not authorized to reduce his term of imprisonment. Orantes-Arriaga,

PAGE 4 - OPINION AND ORDER

244 Fed. Appx. at 152; Townsend, 98 F.3d at 513.  Accordingly, Forcelledo's Motion (doc. 758) for Modification of Term of Imprisonment is DENIED.

    IT IS SO ORDERED.

    DATED this  6th  day of March, 2009.

    /s/ James A. Redden
    James A. Redden
    United States District Judge